Theodore J Piteo, OSB 090311
Michael D. O'Brien, OSB 951056
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Attorneys for Aloysius Fobi, Debtor.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>    Aloysius Fobi<br><br><br><br>    Debtor-in-possession. | Case No. 23-30948-pcm11<br><br>CHAPTER 11 PLAN<br>DATED July 12, 2023 |

## ARTICLE I – SUMMARY OF PLAN

This Plan of Reorganization provides for the reorganization of the Debtor-in-possession's cash flow to make payments to secured and unsecured creditors, as detailed below.

Administrative claims will be paid in full on the Effective Date of the Plan unless the claimant agrees in writing to different treatment. Priority tax claims will be paid within five years of the Petition Date.

The secured claims of consensual lienholders are generally impaired by the Plan with their specific treatment detailed in Article IV below.

The holders of general unsecured claims owed $500 or less AND any holder of a general unsecured claim who elects in writing to reduce its claim to $500 will receive payment in full

PAGE 1 – DEBTOR'S CHAPTER 11 PLAN DATED July 12, 2023

with no interest within 30 days after the Effective Date of the Plan. General unsecured claims, estimated to be approximately $3,700,000 in total, will receive not less than $45,000 which equates to approximately 1.5% of their claims, with no interest, in fifteen semi-annual payments of $3,000 each, starting 120 days after the Effective Date of the Plan. Funds for the payment of the general unsecured claims will come from ongoing realized cash flow from Debtor's household disposable wage income, from Debtor's New Value Contribution, and with a failsafe, if necessary, from the refinance or sale of Debtor's Residence.

## Deadline for Ballots / Objections to be Filed

The Court has not yet confirmed the Plan. This section describes the procedures and deadlines for you to vote for or against the Plan or to file objections to the Plan.

### 1. *Who is Entitled to Object and Who is Entitled to Vote*

Any party in interest may object to confirmation of the Plan if that party believes that the requirements for confirmation are not met. Any party in interest may object to the adequacy of the disclosures made in the Disclosure Statement if that party believes that the disclosures are inadequate. However, a creditor has a right to vote for or against the Plan only if two conditions are met: first, the claim of the creditor must be allowed (or allowed for voting purposes) and second, the claim must be impaired. Unimpaired creditors are not entitled to vote. Insiders are not entitled to vote. If any creditor wishes its claim to be treated as an administrative convenience claim, it may so elect on the ballot to accept the Plan.

### 2. *Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the Plan, you will vote on a ballot which will be provided to you for that purpose and must return the ballot to Theodore J Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223. Once

PAGE 2 – DEBTOR'S CHAPTER 11 PLAN DATED July 12, 2023

Case 23-30948-pcm11    Doc 46    Filed 07/13/23

authorized by the Court, the Debtor will provide separate notice to creditors with a deadline for voting.

    3. *Deadline for Objecting to the Adequacy of Disclosure and Plan Confirmation*

Objections to the adequacy of the disclosures contained in the Disclosure Statement must be filed with the Court and served upon both (a) counsel for the Debtor in Possession at: Theodore J Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223 and (b) United States Trustee, 620 SW Main Street, Room 213, Portland, OR 97205.  Once authorized by the Court, the Debtor will provide separate notice to creditors with a deadline for objections to the adequacy of the Disclosure Statement and Confirmation of Plan.

  a. **Final Hearing on the Plan**

The hearing at which the Court will consider confirmation of the Plan and determination of the adequacy of the disclosure as set forth in the Plan will take place either virtually on the Court's zoom.gov system, or in person at the United States Bankruptcy Court for the District of Oregon, 1050 SW 6th Ave., Portland, Oregon 97204 before the Honorable Judge Peter C. McKittrick.  Once authorized by the Court, the Debtor will provide separate notice to creditors with the specific date and time of the confirmation hearing.

  b. **Contact for Additional Information**

If you want additional information about the Plan you should contact the Debtor's counsel at: Theodore J Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223.

## ARTICLE II - DEFINITIONS

PAGE 3 – DEBTOR'S CHAPTER 11 PLAN DATED July 12, 2023

Case 23-30948-pcm11    Doc 46    Filed 07/13/23

1. ADMINISTRATIVE EXPENSE. An administrative expense (including a professional fee or expense) that is entitled to priority of payment under 11 USC §507(a)(2) and that is an allowed claim under 11 USC §503.

2. ALLOWED CLAIM. Allowed Claim shall mean a Claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation, or (b) appearing on the schedules and lists prepared and filed with the Court and not listed as disputed, contingent or unliquidated as to amount and in either case to which no objection has been filed, or as to which any such objection has been determined by order of the Court and which order is no longer subject to appeal.

3. CLAIM. Claim shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtor on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

4. CONFIRMATION. Confirmation means the date upon which the Confirmation Order is entered by the Court.

5. COURT. Court means the United States Bankruptcy Court for the District of Oregon, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

6. CREDITORS. Creditors means all creditors of the Debtor holding claims for secured debts, unsecured debts, liabilities, demands or claims of any character whatsoever.

7. DEBTOR. Debtor means Aloysius Fobi, an individual resident of the State of Oregon.

8. DEFAULT. Default means Debtor's failure to perform any requirement specified in the Plan.

9. DISTRIBUTION POOL ACCOUNT. Also referred to as the Aloysius Fobi Distribution Pool Account. An account to be opened by the Reorganized Debtor into which funds devoted to the Plan will be deposited and out of which distributions will be made to creditors pursuant to this Plan.

10. EFFECTIVE DATE. Effective date means 45 days after the Court enters an Order Confirming Chapter 11 Plan. For purposes of the Disclosure Statement and related exhibits the *projected* Effective Date is October 30, 2023.

11. ESTATE. The estate created under 11 USC §541 by reason of the commencement of this case.

12. IMPAIRED CLAIM. An impaired claim has the meaning defined in 11 USC §1124 of the Bankruptcy Code.

13. OFFICIAL MAILING LIST. The official mailing list for notices and distribution checks made pursuant to the Plan shall be the official list maintained by the Clerk of the Court, United States Bankruptcy Court, 1050 SW 6th Ave., Suite 700, Portland, Oregon 97204. It shall be the obligation of each creditor and/or party in interest to ensure that the official mailing list is current and accurate as to each entity.

14. PETITION DATE. Petition Date means the date in which the Debtor filed his Petition for Relief under Title 11 with this Court.

15. PLAN. Plan means this Chapter 11 Plan of Reorganization in its present form or as it may be amended.

16. REORGANIZED DEBTOR. Following the Effective Date, the Debtor as reorganized pursuant to the Plan.

17. <u>RESIDENCE</u>. The Debtor's single-family home located at 16900 SE McKinley, Gresham, Oregon that is currently used as Debtor's principal residence.

18. <u>SECURED CREDITORS</u>. Secured Creditors means all creditors who hold a lien, security interest, or other encumbrance which has been properly perfected by law with respect to the property owned by the Debtor and which has not otherwise been avoided by operation of Bankruptcy law or through affirmative action of the Debtor or trustee.

19. <u>TERM OF PLAN</u>. A period beginning on the Effective Date of the Plan and ending when all payments and other acts required of the Debtor under the Plan have been made.

## ARTICLE III - TREATMENT OF UNCLASSIFIED CLAIMS

1. <u>Administrative Claims.</u> Each holder of an allowed claim entitled to administrative expense priority under 11 USC §507(a)(2) and §503 shall receive cash in the full amount of such claim on the later of (a) the Effective Date of the Plan, or (b) at such later date as the holder of such claims may agree in writing.

    a. **Expenses Arising in the Ordinary Course of Business**

    These claims will be paid based on the ordinary course business terms between the Debtor and the provider. All ordinary course business expenses are current. Exceptions to this statement include: NONE.

    b. **Professional Fees to Attorney**

    Professional fees are subject to approval by the Court and are entitled to administrative expense priority under 11 USC §507(a)(2). These fees will be paid in full on the Effective Date of the plan unless the holder of such a claim has agreed in writing to deferred payments or other treatment. If any professional fees have not been approved by the Court, in whole or in part, on

the Effective Date of the Plan, then such professional fees will be paid pursuant to Court Order approving the fees.

    **c. U.S. Trustee Fees**

The Debtor shall pay, on or before the Effective Date, any then outstanding fees owing pursuant to 28 USC §1930 to the Office of the United States Trustee and the Reorganized Debtor shall be responsible for ongoing timely payment of such fees incurred until the case is closed, converted, or dismissed. After confirmation, the Reorganized Debtor shall file with the Court a monthly financial report for each month, or portion thereof, that the case remains open. The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the plan.

2. <u>Priority Tax Claims</u>. Each governmental unit holding an allowed unsecured claim entitled to priority under 11 USC § 507(a)(8) shall be paid in full, with allowed statutory interest, within five years of the Petition Date. Interest shall accrue on the unpaid balance of each allowed Priority Tax Claim at the rate allowed by 26 USC §6621 or the allowed rate under the Oregon Revised Statutes. Debtor will make quarterly payments of $200 to each claimant listed below with the balance being paid in a balloon five years after the Petition Date. Any taxes that are secured by levy against Debtor's real property will be paid separately as listed below. Affected Claimants with Priority Tax Claims include:

    <u>Oregon Department of Revenue - $0.</u>

    <u>Internal Revenue Service - $0.</u>

    <u>Washington State Department of Labor and Industries - $1,140.</u>

**ARTICLE IV – CLASSIFICATION AND TREATMENT**

# OF CLAIMS AND INTERESTS

All claims, other than unclassified claims, are placed in the following classes. A claim is classified in a particular class only to the extent that it qualifies within the description of that class and is classified in a different class to the extent that it qualifies within the description of that different class.

| Class | Impairment | Treatment |
|---|---|---|
| 1- Northwest Farm Credit Services (Residence – 1st Position Deed of Trust) | Impaired | Pay pursuant to contract. Debtor will retain the current note terms but will cure any arrears over 60 months in equal monthly payments with 0% interest. |
| 2- Matthew & Ronna Schenk (Residence –Deed of Trust) | Impaired | Debtor will avoid this purported mortgage lien as having an inadequate legal description to properly secure it to the Residence. Debtor will however agree not to challenge the extent or priority of the security interest if Claimant agrees to permit Debtor to reamoritize their claim at approximately $140,000 at 7.5% interest over a 30-year period and votes to approve the Plan. In that event, the new monthly principal and interest payment shall be $978.90. This will cure any contractual default. |
| 3- Internal Revenue Service (Tax Lien) | Impaired | Debtor will reamoritize Claimant's claim,subject to potential offset, at approximately $23,000 at 7.5% interest over a 30-year period. The new P&I payment will be $160.82. |
| 4- Toyota Financial Services (Tundra) | Impaired | Debtor will retain his 2021 Toyota Tundra and reamoritze the loan over five years, while retaining the current interest rate. Debtor estimates the monthly payment will be approximately $800.00. |

| | | |
|---|---|---|
| 5- Bankers Healthcare Group - UCC Security Claimant – 1st Position (Secured against 1 share in NW Acute Care Specialists, P.C.) | Impaired | Claimant is potentially secured against the PC Interest of Debtor in Acute Care Specialists, P.C. Debtor will pay Claimant $6,935 on the Effective Date for the secured value of this Claimant's Claim. All remaining amounts of Claimant's Claim shall be deemed unsecured and will share pro-rata in the distribution to the General Unsecured Creditors. |
| 6– Multnomah County Property Taxes (Super-Priority Lien - Residence) | Impaired | Debtor will pay the County in full at their statutory interest rate within five years of the Petition Date. |
| 7 – Administrative Convenience Class | Unimpaired | Paid in full within 30 days after the Effective Date. |
| 8 – General Unsecured Class | Impaired | Will share in pro rata semi-annual distributions of $3,000 each. Claimants will not receive interest. Payment shall be tendered in fifteen semi-annual installments. Debtor estimates that the pro-rata payments will satisfy approximately 1.5% of Claimants' Claims. |

## ARTICLE V - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor expressly affirms and retains his Contracts with the following parties pursuant to their original terms and expressly rejects all other unlisted executory contracts or leases:

1) None

## ARTICLE VI - MEANS OF IMPLEMENTATION OF THE PLAN

1. <u>General Statement</u>. Other than property specifically identified in this Plan to be sold, the Debtor shall retain all of his assets. The Debtor shall continue to perform his W-2 employment. Impaired secured claims shall be paid from the ongoing revenue generated

by the W-2 employment. Impaired unsecured claims shall be paid in semi-annual payments over seven and a half years from the Debtor's W-2 income and from Debtor's New Value Contribution; UNLESS paid off sooner from sale or refinance proceeds of the Residence or as otherwise elected in Debtor's sole discretion.

2. <u>New Value Contribution</u>. The Debtor shall make a new contribution of cash in the amount of $20,000 to the Estate from funds otherwise excluded from the Estate. That contribution will constitute New Value Contribution as defined by *In re Bonner Mall Partnership*, 2 F.3d 899, 908-910 (9th Cir 1993). The Estate will be entitled to use these funds towards performance of the Plan and those funds are necessary for the Plan's success. The amount of the New Value Contribution substantially exceeds the liquidation value of the Debtor's assets.

3. <u>Funds in Debtor in Possession Accounts.</u> The Debtor projects that as of the Effective Date of the Chapter 11 Plan cash on hand in the Debtor in Possession Accounts will be not less than $10,000. After the Effective Date, the Reorganized Debtor will be closing all Debtor in Possession accounts and reopening separate bank accounts to conduct business. The funds in the Debtor in Possession Account will be used by the Debtor to implement this Plan and will be deposited into the Aloysius Fobi Distribution Pool Account described below. Debtor projects opening deposit to the Distribution Pool Account will be $10,000.

4. <u>Aloysius Fobi Distribution Pool Account.</u> After confirmation of the Plan but prior to the Effective Date, the Debtor will open a new bank account entitled "Aloysius Fobi Distribution Pool Account." Into this account the Debtor shall deposit any funds committed to this Plan. From this account the Reorganized Debtor shall make payments

to creditors including (a) the unclassified claims detailed at Article III above, (b) the Class 7 Administrative Convenience Claims, and (c) the Class 8 General Unsecured Claimants. Commencing with the 120th day after the Effective Date and semi-annually thereafter the Debtor shall distribute at least $3000 on a pro rata basis to the Class 8 claimants. These payments from the Distribution Pool shall continue until the Debtor has made fifteen payments to the Class 8 claimants or has otherwise satisfied his Plan obligations to those Claimants by paying not less than $45,000.00 to the Class 8 claimants. Exhibit B attached to the Disclosure Statement illustrates the distributions from this Account.

5. <u>Fail Safe Refinance/Sale of Residence Property.</u> The Fail Safe will trigger if either the Reorganized Debtor is unable to make the semi-annual payment required by this Plan to the Class 8 claimants or some other event of Default is incurable. Debtor may also elect to trigger the failsafe at any time for quicker repayment of the Creditors. Upon trigger the Reorganized Debtor shall make best efforts to refinance or sell the Residence to obtain sufficient funds to satisfy the obligations to the Class 8 claimants. If Reorganized Debtor sells the Residence, then Reorganized Debtor will hire a Broker/Auctioneer and no court approval will be required for their employment. Compensation paid to that employed broker will not exceed the customary amount of 7%, and Reorganized Debtor shall not be required to obtain post-confirmation Court approval prior to closing of a sale. Debtor anticipates in event of a sale of the property, capital gains taxes may result.

6. <u>Reservation of Powers</u>. All powers of the Debtor under chapter 3 and 5 of the Bankruptcy Code are expressly reserved, and the Reorganized Debtor may enforce any and all claims and causes of action of the Debtor or this chapter 11 Estate following the

Case 23-30948-pcm11    Doc 46    Filed 07/13/23

Effective Date of the Plan except for such claims and causes of action specifically waived, released or assigned in accordance with the Plan.

7. <u>Revesting</u>. The Reorganized Debtor shall be vested with all of the property, except property required to perform obligations under the Plan, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming plan except for consensual liens upon property securing claims provided for in the Plan. Except as otherwise provided in the Plan, the Reorganized Debtor may transact business and conduct affairs free of any restriction of the court following confirmation of the Plan.

8. <u>Unmarked Ballots</u>. Executed ballots regarding the Plan returned by creditors to the Debtor, that do not indicate acceptance or rejection of the Plan, shall be deemed and counted as acceptances of the Plan.

9. <u>Distribution Checks; Mailing List; Returned Distribution Checks.</u> Any distribution to creditors contemplated by this plan will be made by check from an account of the Debtor and will be sent via first class United States mail, postage prepaid to (a) the address listed on the proof of claim filed by the claimant or such other address as the claimant may provide to the Reorganized Debtor in writing, or (b) if no proof of claim was filed by the claimant and the claimant has failed to provide the Reorganized Debtor with a payment address in writing, then the Official Mailing List maintained by the Debtor from this Court. In the event that a distribution check, that has been properly addressed to the creditor as set forth above, is returned undeliverable by the United States Postal Service or returned for any reason by the creditor, the Debtor shall be authorized to (a) void the returned check and use the funds for ongoing business operations, (b) refrain from sending a replacement distribution check unless and until the affected creditor notifies

both the Debtor and Clerk of the Court in writing of a new address, and (c) in the event the Creditor does not notify in writing both the Debtor and Clerk of the Court of a new address before the completion of disbursements under the Plan, then the Debtor shall be entitled to treat the claim of such Creditor as satisfied in full.

10. Timing of Payments and Other Actions.  If this Plan requires the Debtor to make a payment or take some other action by a specific day and that day falls on a Saturday, Sunday or legal holiday, then the action shall be due on the next day following normal Court operations.

11. Compliance with the Plan.  The Debtor, Reorganized Debtor, creditors and all other parties in interest shall take all actions necessary to effectuate the terms of the Plan.

12. Federal and State Tax Forms.  The Reorganized Debtor shall prepare and file all federal and state tax forms due to be filed and pay any tax due thereon prior to final disbursement to the general unsecured claimants.

13. Disputed Claims. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

    i)      Delay of Distribution on a Disputed Claim

No distribution will be made on account of a disputed claim unless such claim is allowed.

    ii)     Settlement of Disputed Claims

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with rule 9019 of the Federal Rules of Bankruptcy Procedure.

14. Payment of Professional Fees and Expenses after the Effective Date. Any professional person employed by the Reorganized Debtor and providing services after the Effective Date shall be paid reasonable fees and expenses by the Reorganized Debtor without the necessity of Court approval.

15. Severability. If any provision in this Plan is deemed to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

16. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

17. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

18. Controlling Authority. Unless a rule of law or procedure is supplied by federal law, the laws of the State of Oregon govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

19. Tax Implications of Plan. The Reorganized Debtor does project to generate taxable gains from the sale of properties contemplated to be sold in this Plan but will not generate current taxable gains from a refinance. The capital gains or other transfer taxes generated from the sale of one or more properties contemplated to be sold by this plan shall be paid

from the sale proceeds of the properties prior to their availability for use by the Reorganized Debtor in consummating the provisions of this Plan.

## ARTICLE VII - DEFAULT

An event of default shall occur if the Reorganized Debtor shall fail to comply with a material provision of the Plan. After an event of default, the party alleging default shall provide written notice stating with specificity the alleged default and the actions deemed necessary to cure such default to the Reorganized Debtor at the following address (which may be later amended by appropriate filing with the Court):

>Aloysius Fobi
>16900 SE McKinley
>Gresham, Oregon

If, after twenty-one (21) days following the written notice of default, the Reorganized Debtor has been unable to cure the stated default, then such party may proceed with any remedies available to it under applicable law. An event of default occurring with respect to one claim shall not be an event of default with respect to any other claim. Nothing contained in the plan shall limit the right of any party to move to reopen this case or to move for conversion of this case to a liquidation case under chapter 7 of the Bankruptcy Code, if cause for such relief exists.

## ARTICLE VIII – SATISFACTION OF INDEBTEDNESS AND DISCHARGE OF CLAIMS

The distribution made to the various classes of creditors as provided for in the Plan shall be in full and complete satisfaction of their Allowed Claims. The Reorganized Debtor will move to close this case pursuant to FRBP 3022 after Substantial Consummation of the Plan as defined

under 11 U.S.C. § 1101. The case will automatically reopen upon the filing of a Notice of Payment Completion and a Request for Entry of Discharge pursuant to §350(b). The court upon review of the record, the plan and any comments from creditors will issue a discharge, pursuant to 11 U.S.C. §1141 after the case is reopened. The discharge of the Debtor shall be effective as to each claim regardless of whether or not (a) a proof of claim was filed, (b) the claim was allowed, or (c) the holder thereof voted to accept the Plan.

### ARTICLE IX - RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the plan, the bankruptcy court shall retain jurisdiction of this chapter 11 case pursuant to and for the purposes set forth in 11 USC §1127(b) to: (a) classify the claim of any creditor, reexamine claims which have been allowed for voting purposes and determine any objection that may be filed to claims, (b) determine requests for payment of claims entitled to priority under 11 USC §507(a)(2) including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate, (c) avoid transfers or obligations and to subordinate claims under chapter 5 of the Bankruptcy Code, (d) approve the assumption, assignment or rejection of executory contracts and unexpired leases pursuant to 11 USC §§365 and 1123, (e) resolve all controversies and disputes regarding the interpretation of the Plan, (f) implement the provisions of the Plan and enter orders in aid of confirmation, (g) adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this chapter 11 case and (h) enter a final decree closing this chapter 11 case and (i) discharging Debtor from any remaining post-petition obligations.

Dated on 07/12/2023.

/s/ Aloysius Fobi
Aloysius Fobi

Debtor-in-possession

Presented by:

   /s/ Theodore J Piteo
Theodore J. Piteo, OSB #090311
Michael D. O'Brien, OSB 951056
Attorney for Debtor-in-possession